White, J.
From the consideration given this case, it is believed that in an action of debt the plaintiff should demand a specific sum. His recovery is to be in numero, and not in damages. In this case a specific sum is demanded, viz. $ 179.61]: cents ; and the only doubt is whether the subse *17 quent words “ with interest, &c.” will render that uncertain which was before certain, and thereby defeat a recovery. It is believed they will not. If you reject them, in both the writ and declaration, it will be found that both the writ and declaration will read well, and are formal enough. Therefore, should it become necessary, it is conceived they maybe rejected as surplusage, upon the principle that utile per inutile non viliatur.. Suppose nothing to have been said in the writ or declaration as to the demand of interest, and the party had, in the substantial part of his declaration, set out the judgment upon which the suit is founded correctly, could he not have recovered the interest as damages? I do not say certainly that he could ; I am far from being convinced that he could not. I am aware of the authorities which say that where the interest is a part of the contract, and you wish to recover it, you must demand it as a part of the debt; and that you can only recover interest as damages when it follows as a legal consequence for unjustly withholding payment after the principal has become due. Still, it is conceived it may fairly be insisted that, in both cases, interest may be recovered as damages. In the one case, by the consent of the parties; and in the other, by the operations of the law. That in the first case the only effect of this part of the contract is, by the consent of the parties to fix an earlier time for the commencement of interest than the law would point out; and that there can be no good reason why a party should demand as a principal debt that which is really only a consequence of it, and which will not carry interest. Pei’haps the interest is, in each case, whether accruing by contract, or operation of law, only considered de incremento. But it is not conceived material in this case to decide that question; because, if it be necessary that the interest should be demanded, it can only be for the sake of apprising the defendant that the whole amount of the contract is claimed against him ; and that is as effectually done in this case as it was possible to do it. The principal is stated specifically; the time at which interest is to commence is fixed, and it was not possible to fix the termination of the interest; because it is only to stop when the money is paid, and when that is done there is no ground for dispute.
To give judgment for the plaintiff will not produce any material departure from the demand made in • the writ and declaration. Probably this may be a strong case for the plaintiff, as it is founded on a judgment. It is not an express contract of the parties, but an implied undertaking that every man makes to abide by the judicial determinations made against him.
The judgment of the Circuit Court ought to be reversed, and judgment given for the plaintiff for his debt, with interest from the 1st day of April, 1802, to this time. After judgment is recovered, under our law, interest is converted into principal, and both demand interest until the money is paid.
*18 Williams, J. concurred.
Campbell, J.
It is contended by the defendants that in an action of debt, a sum certain must be demanded ; and several authorities have been read to support this position; and it is insisted also that the sum demanded in this case is not certain, nor capable of being made certain, so as to have the judgment of the Court rendered agreeably to the demand, as the amount of the sum demanded cannot be ascertained until the money is paid, which would be subsequent to the rendition of the judgment, should one be rendered.
On the other side it is contended that this is a suit brought on a judgment rendered in another State; that the demand is in the words of the judgment; that the sum demanded can be rendered certain when judgment shall be given; that this is the mode of bringing suits in Virginia, in similar cases; and that it has been decided, unless interest be demanded in such a case as this, it cannot be recovered. Several cases decided in Virginia are read to support this doctrine. And it is further contended that such has been the usual practice of bringing suits ill this State; and that the plaintiff must, according to any principle contended for, be entitled to a judgment for such part, or so much as he has demanded certain ; and the only doubt must be in regard to the interest alone, which, it is contended, may be recovered either as a sum certain, and part of the debt demanded, or in damages.
Upon examining this case, and all that has been said on both sides, it appears to me the principal difficulty in determining it arises from the manner the judgment on which the suit is brought was rendered,'so far as regards the interest. It is different from the usual mode of rendering judgments, which has generally been for a specific sum, and on that account presents a new case, differing in this particular from those to be found in the books of practice on this subject. I am at present of opinion that in an action of debt the demand ought regularly to be for a sum certain, or a sum liquidated, so as to be easily rendered certain. But if the plaintiff demands a certain sum, and also a sum uncertain, it is not believed the latter part of the demand, though it might be bad for uncertainty, would destroy the first part, which was sufficiently certain, and would have been good without the other part of the demand being annexed. In such a case so much of the demand as was uncertain would be considered as surplusage, and if necessary rejected; and that which was certain considered as good as if it stood alone, according to the maxim in law utile per inutile non vitiatur.
Hence, according to my opinion, the only question in this case which admits of any serious doubt relates to the interest alone, as the demand for the principal of $ 179.61£ cents appears sufficiently certain. I am at present inclined to the opinion that interest arising ex controxtu of the *19 parties ought to be demanded in an action of debt; and that which arises from the operation of law, in damages, for the detention of the debt. If A gives his bond to B for a certain sum, payable one year after date, with interest from the date, in action of debt brought on the bond, I incline to believe the interest, up to the time the bond became due, ought to be demanded with the principal, as a part of the debt then due; and the interest accruing after the bond became due ought to be recovered by way of damages. This, however, I state with some diffidence, as another of the Court (Judge White) seems to entertain a different opinion on this point.
According to the foregoing opinion, if the judgment in the present case rendered for the interest that had accrued previous to the rendition of such judgment can be considered arising ex contractu, and forming a part of the ground of action, it would seem the more correct mode to calculate the interest up to the time the judgment was rendered, and demand the whole of the principal, with such interest, as a debt then due the plaintiff, and that the interest accruing by law afterwards should be recovered as damages. This manner of stating the demand would seem liable to fewer objections than any other mode which at this time presents itself to my mind. But yet there is at least some doubt, whether the manner in which this judgment has been rendered for the interest in Virginia will place it in the same situation as interest arising ex contractu of the party.. There is certainly some plausibility for saying it may be recovered as arising from the operation of law after the judgment was rendered, as well as before ; and if so, it might in this suit be recovered as damages, supposing the demand for it be rejected. The party ought certainly to be entitled to recover it, either by demanding it as a part of his debt; or recovering it as damages in consequence of the detention of the principal upon which it arises. In the present case the plaintiff has demanded the interest in the words of the judgment rendered for it. If he had.calculated the interest that had accrued until the rendition of the judgment, and demanded that amount with the principal, it would appear to me at present to be the more correct mode.
But it may be contended that the démand he has made is substantially the same, as the demand for interest until paid includes a demand until the judgment was rendered, which might be rendered certain, and the residue of the demand rejected as surplusage. If it became necessary to decide this precise point, it would certainly merit consideration; but at present it does not seem necessary. Another member of the Court (Judge White) seems to be of opinion that the interest may be recovered as damages, and all the doubt I have on the subject relates to that part of the interest alone which accrued previous to rendering the judgment, on which this suit was brought; which is not considerable; and not being altogether certain that even that part of the interest could be recovered as rising from the operation of law, and therefore recoverable as damages, as *20 already noticed, I am willing at present to concur in the opinion given on this point.
Note. — In this case Judge Campbell says: “ I am at present inclined to the opinion that interest arising ex contractu of the parties ought to be demanded in an action of debt; and that which arises from the operation of law, in damages for the detention of the debt. If A gives his bond to B for a certain sum, payable one year after date, with interest from date, in an action of debt brought on the bond, I incline to believe the interest, up to the time the bond became due, ought to be demanded with the principal, as a part of the debt then due; and the interest accruing after the bond became due ought to be recovered by way of damages.”
Upon the same point Judge White says : “ I am aware of the authorities which say that where the interest is a part of the contract, and you wish to recover it, you must demand it as a part of the debt; and that you can only recover interest as damages when it follows as a legal consequence for unjustly withholding payment after the principal has become due. Still, it is conceived, it may fairly be insisted that in both cases interest may be recovered in damages ”
The Code having abolished forms of actions, the only part of this case of any practical use lies in the quotations wo have made. The point involved came before the Supreme Court in the Union Bank v. Williams, 3 Cold. 581, in which this case is quoted, and was decided in accordance with the intimations of Judge White, by a divided court. Sed quere ? — Ed.
It is therefore my opinion that the judgment of the Circuit Court be re versed, that the demurrer be overruled, and the plaintiff recover his debt, &c. and the interest accruing thereon, by way of damages.